# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2021

Lyle W. Cayce
Clerk

No. 20-60536
Summary Calendar

KHOUNG VAN LE, *also known as* VAN KHUONG LE,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A025 003 037

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

    Khoung Van Le, a native and citizen of Vietnam, petitions for review
of the Board of Immigration Appeals' (BIA) denying as untimely his motion

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

to reopen based on *Matter of Abdelghany*, 26 I. & N. Dec. 254 (B.I.A. 2014) (clarifying availability of relief from removal). Le concedes his motion was untimely under 8 U.S.C. § 1229a(c)(7)(C)(i) (prescribing 90-day deadline for filing motion to reopen). He contends the BIA abused its discretion by declining to apply equitable tolling, concluding he did not exercise reasonable diligence.

Le, admitted as a lawful permanent resident but later ordered deported in 1997, filed his motion to reopen in 2020, together with a statement in support, representing, *inter alia*: he consulted with an immigration lawyer in 2009, who advised him against reopening his removal proceeding because he could be detained; he consulted with a second lawyer in 2015, who advised him of the same; he met with a third lawyer in 2019, who informed him, based upon a change in the law (*i.e.*, the *Abdelghany* decision), he might qualify for relief; and, after the third lawyer reviewed his records and reiterated her belief Le was eligible for such relief, he hired the lawyer immediately to file his motion to reopen.

Because the underlying facts are undisputed, whether Le exercised the diligence required for equitable tolling constitutes a question of law for which our court has jurisdiction. *See Flores-Moreno v. Barr*, 971 F.3d 541, 544-45 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1238 (2021) (holding petitioner did not act diligently by waiting three years to seek new counsel after being advised incorrectly action could not be reopened). Understandably, the denial of a motion to reopen is reviewed under a "highly deferential abuse-of-discretion standard", and the BIA's decision must be upheld "as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Id.* (citations omitted).

No. 20-60536

To equitably toll the deadline for filing a motion to reopen, movant must establish: "he has been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way and prevented timely filing". *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016) (citation omitted) (remanding to BIA to apply equitable-tolling standard to motion to reopen). Diligence means "reasonable diligence, not maximum feasible diligence". *Id.* (citation omitted). *See also Flores-Moreno*, 971 F.3d at 545.

Le failed to have counsel file his motion to reopen until April 2019, over five years after the BIA issued *Abdelghany*; he also submitted no evidence showing he took steps to pursue his rights between 2015 (when he consulted the lawyer who neglected to inform him of the relevant change of the law) and 2019 (when he consulted the lawyer who advised him of the relevant change). Because Le did not exercise reasonable diligence, the BIA did not abuse its discretion by declining to apply equitable tolling.

DENIED.